UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES THOMAS TALLEY,

                              Petitioner,

v.

TERRY ROYAL,

                              Respondents.

Case No. 3:25-cv-00382-ART-CLB

ORDER

This habeas matter is before the Court on Petitioner Charles Thomas Talley's Motion to Add Grounds, Motion to Dismiss Motion, and Motion for Leave to File a Second Amended Petition. ECF Nos. 13, 16, 19. Also before the Court are Respondents' Motions to Strike. ECF Nos. 14, 17.

## I.   Background

Talley challenges a 2020 judgment of conviction for murder and two counts of sexual assault entered in the Eighth Judicial District Court. The state district court sentenced him to a term of 30 years to life. The state appellate court affirmed the judgment of conviction on direct appeal. Talley filed a state habeas petition. The Nevada Court of Appeals affirmed the denial of postconviction relief. Talley initiated this habeas action and paid the filing fee. ECF Nos. 1-1, 6. Following the appointment of counsel, Talley filed a first amended petition and now moves for leave to file a second amended petition. ECF Nos. 15, 18.

## II.   Discussion

### a.   Motions to Strike

Respondents move to strike the *pro se* filings on the basis that Talley cannot file papers in proper person while represented by counsel. ECF Nos. 14, 17. "It is well established that district courts have inherent power to control their docket," including the power to strike improperly filed items from the docket.

1

*Ready Transp. Inc. v. AAR Mfg. Inc.,* 627 F.3d 402, 404 (9th Cir. 2010). Because counsel has been appointed to represent Talley, he may not file motions / documents with the Court. Local Rule IA 11-6(a). Accordingly, the Court grants Respondents' motions to strike. The Clerk of the Court is instructed to strike Talley's *pro se* Motion to Add Grounds (ECF No. 13) and Motion to Dismiss Motion (ECF No. 16).

### b. Motion for Leave to File Second Amended Petition

Talley requests leave to file a second amended petition so that he can continue to investigate his case and because the second amended petition would reflect Talley's counsel's considered judgment on various issues. ECF No. 19. He further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave to amend, explaining that counsel was recently appointed and has not had a full opportunity to investigate Talley's case and claims. *Id.* at 4. Respondents assert that amendment is premature because Respondents cannot anticipate their response with any certainty until they see the propose amended petition. They also assert that Talley fails to establish that amendment is not futile. ECF No. 20.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted). "[D]elay alone—no matter how lengthy—is insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980.

Because motions seeking leave to amend should be liberally granted and Talley's proposed amendment is not necessarily futile, the Court finds that there is good cause to grant Talley's motion. In addition, there is no evidence of bad faith on Talley's part. This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired). The Court waives the requirement of LR 15-1(a) and instructs Talley to file his second amended petition no later than 60 days following the date of entry of this order.

### III.   Conclusion

**IT THEREFORE IS ORDERED:**

1. Petitioner Charles Thomas Talley's Motion for Leave to File Second Amended Petition (ECF No. 19) is granted. Talley has 60 days following the date of entry of this order to file his second amended petition.

2. Respondents' Motions to Strike (ECF Nos. 14, 17) are granted. The Clerk of the Court is directed to strike ECF No. 13 and ECF No. 16 from the docket.

DATED THIS 4th day of May, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE